IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANTON J. THOMPSON, N-03882 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-378-JPG |
| | ) |
| RANDY DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate currently housed at the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint the Court finds it appropriate to dismiss the complaint with leave to amend for failure to state a claim.

**Facts**:

Although Plaintiff is currently incarcerated in the Pontiac Correctional Center, at all times relevant to this dispute Plaintiff was housed in the Pinckneyville Correctional Center. Between the dates of June 2008 and January 2009 Plaintiff asked an unspecified staff member for medical assistance relating to pain, blood in the stool, high blood pressure, migraine headaches, gout, and other unnamed issues. The staff member refused to provide Plaintiff with medical treatment, and threatened to order other staff members to give Plaintiff a pill that would kill him.

**Discussion:**

Although Plaintiff names Defendants Davis, Johnson, Randle, and Quinn in the caption of his complaint, he does not in fact name these defendants elsewhere in the complaint, or link any of them to the alleged violations. Plaintiff does discuss one individual in terms of a claim for medical indifference, but does not specify which defendant, if any, to which Plaintiff is referring. The reason that plaintiffs and petitioners, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to put these defendants on notice of the claims brought against them so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough

to put the defendant on notice of facts providing a right to recovery").

According to the United States Supreme Court, the threshold pleading requirement of Federal Rule of Civil Procedure 8 requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955) (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added).  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 555 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A petitioner must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate his claims.  *Id*.

The Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citing *Bell*, 550 U.S. at 573).  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

The complaint before the Court contains no specific allegations against any particular

individual or entity. Plaintiff has pleaded minimal facts, and has failed to connect these factual allegations with any of the named Defendants. Consequently, it does not put any potential defendant on notice of the particular claims brought against him or her so that he or she could respond properly to the complaint.

Accordingly, as pleaded, Petitioner has failed to state a claim, and the complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS** of the date of entry of this Order. In order to assist Plaintiff with drafting an amended pleading, the Clerk of Court is **DIRECTED** to send Plaintiff the standard forms for an action filed under 42 U.S.C. §1983 and a motion brought under 28 U.S.C. §2255.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to comply with an order of this Court and for failure to state a claim upon which relief may be granted. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**Dated: January 14, 2011**

**s/ J. Phil Gilbert**
**U. S. District Judge**
